## STATE v. JACKSON.

(Filed December 10, 1901.)

:INTENT—*Motion—Criminal Intent.*

> Where the court, at request of prisoner, charges that "where the act or language of a person may be attributed to two motives, one criminal, the other not, the law will ascribe it to that which is innocent," but added that "this is a general rule and applies in this case, unless the testimony convinces the jury the criminal motive is the true one," the addition to the charge was not erroneous.

INDICTMENT against Andrew Jackson for burglary, heard by Judge *W. A. Hoke* and a jury, at September Term, 1901, of the Superior Court of LINCOLN County. From a verdict of guilty of burglary in the first degree and judgment thereon, the prisoner appealed.

*A. L. Quickel,* and *Brown Shepherd,* for *R. D. Gilmer, Attorney-General,* for the State.

*D. W. Robinson,* for the defendant.

CLARK, J.   A careful examination of each of the exceptions made by the prisoner reveals no question that requires discussion, or that has not already been passed upon in some previous case.   The exceptions evidently were taken out of abundant caution, and show that the prisoner's counsel were alert to do their utmost duty in a defense which they conducted by assignment of the Court and without pecuniary recompense.   They have done their full duty.   Upon the trial, few points of law were presented, and these were ruled correctly by the careful presiding Judge.   The controversy was almost solely upon the facts, and what they were, and what they proved were matters exclusively in the province of the jury, and not reviewable here.

The point perhaps most earnestly pressed here was the following: The prisoner asked the Court to instruct the jury, "Where the act or language of a person may be attributed to two motives, one criminal, the other not, the law will ascribe it to that which is innocent."   The Court gave this, but added: "This is a general rule, and applies in this case, unless the testimony convince the jury the criminal motive is the true one."   The prisoner excepted to the addition, but, as it simply amounts to telling the jury that such presumption is rebuttable, we find no error therein.

Affirmed.